*Nov. Term,*
*1854.*

Ebert
v.
Ludlow.

---

### Ebert and Another *v.* Ludlow.

If from the judgment of a justice of the peace against two defendants, one of them appealed to the Circuit Court, before the R. S. 1852 were in force, in his own name, without joining the other, the appeal could be dismissed on motion.

APPEAL from the *Dearborn* Circuit Court.

Davison, J.—*Ludlow* recovered a judgment against *Ebert* and *Martin* before a justice of the peace, from which *Ebert* appealed; and on the 29th of *July*, 1852, the justice's transcript, with the appeal bond and certain other papers in the cause, was filed in the Circuit Court. The plaintiff moved to dismiss the appeal on the ground that it was not taken by and in the name of both defendants. The Court sustained the motion, and the appeal was accordingly dismissed.

The Court ruled correctly. In *Kain* v. *Gradon*, 6 Blackf. 138, it was held that "if from the judgment of a justice of the peace against several defendants, some of them appeal to the Circuit Court in their own names, without joining

*Thursday,*
*December* 14.

the others, the appeal should be dismissed on motion" (1). The judgment of the Circuit Court must be affirmed.

*Per Curiam.*—The judgment is affirmed with costs.

*J. T. Brown*, for the appellants.

*J. Ryman*, for the defendant.

(1) The R. S. 1852, in relation to appeals from justices' judgments, provide that when there are two or more plaintiffs or defendants, one or more of such plaintiffs or defendants may appeal, without joining the others in such appeal. 2 R. S. 1852, p. 461, s. 64.